```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
                      COUNSEL/PARTIES OF RECORD

         MAY 1 1 2012

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY: _____ DEPUTY
```

1

2

3

4

5

6                  **UNITED STATES DISTRICT COURT**

7                      **DISTRICT OF NEVADA**

8   JAMES REX ELLIOTT,                    )
                                          )
9              Plaintiff,                 )
                                          )
10       v.                               )        3:11-cv-826-RCJ-VPC
                                          )
11                                        )              **ORDER**
                                          )
12  JPMORGAN CHASE BANK, N.A., et al.,    )
                                          )
13             Defendants.                )
                                          )
_____

14

15       Currently before the Court is a motion to remand (#6) filed by the plaintiff and a motion

16  to dismiss (#8) for failure to state a claim filed by California Reconveyance Company,

17  JPMorgan Chase Bank, N.A., and Washington Mutual Bank, F.A., which was later joined by

18  LSI Title Agency, Inc. For the following reasons, the motion to remand (#6) is denied and the

19  motion to dismiss (#8) is granted in part and denied in part.

20                         **BACKGROUND[1]**

21       On January 23, 2007, Plaintiff James Elliott (a Nevada resident) purchased real

22  property located at 2280 Silky Sullivan Lane, Reno, Nevada 89502 (the "Property"). (Compl.

23  (#1-2) at 2, 5). To finance the purchase, Plaintiff obtained a $240,000 loan from Washington

24  Mutual Bank, F.A., which was secured by a deed of trust (the "Deed of Trust"). (Deed of Trust

25
26       [1] Defendants have requested judicial notice to be taken of attached copies of relevant
    publicly recorded documents. (*See* Mot. to Dismiss (#8) at 3 n.1). The Court takes judicial
27  notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
    375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state
28  agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1  (#8-1) at 2).   The Deed of Trust listed Washington Mutual as lender and California

2  Reconveyance Company ("CRC") as trustee.   (*Id.*).   JPMorgan Chase Bank, N.A. later

3  acquired certain assets and liabilities of Washington Mutual from the FDIC.  (Mot. to Dismiss

4  (#8) at 1).

5          Plaintiff later defaulted on the loan secured by the Deed of Trust.  (Notice of Default

6  (#8-2)).  CRC executed a notice of default on June 30, 2011, which was recorded by SPL, Inc.

7  on behalf of CRC.  (*Id.*).  Plaintiff alleges that after the notice of default was filed, he never

8  received a form indicating his right to elect mediation and that at no time did the foreclosing

9  parties obtain a certificate from the Nevada Mediation Program as required by NRS § 107.086.

10  (Compl. (#1-2) at 6).  CRC later executed a notice of trustee's sale on October 6, 2011, which

11  was recorded by LSI Title Agency, Inc. on behalf of CRC on October 7, 2011.  (Notice of

12  Trustee's Sale (#8-3)).  Plaintiff then requested a statement regarding the secured debt from

13  the beneficiary of the Deed of Trust on November 1, 2011, but this request was allegedly

14  ignored.  (Compl. (#1-2) at 7).

15          Plaintiff filed his complaint in Nevada state court on November 1, 2011 against

16  JPMorgan Chase; CRC; Washington Mutual; SPL, Inc.; and LSI Title Agency, Inc., alleging:

17  (1) wrongful foreclosure; (2) declaratory relief; and (3) injunctive relief. (Compl. (#1-2) at 1, 9-

18  12).  JPMorgan Chase is a resident of Ohio, while CRC and LSI Title Agency are California

19  corporations. (*Id.* at 2-3; Opp'n to Mot. to Remand (#12) at 4).  The citizenship of SPL, Inc.

20  is in dispute.  The case was removed to this Court on November 16, 2011 by CRC under

21  diversity jurisdiction. (Pet. for Removal (#1)).  Plaintiff filed a motion to remand the action to

22  state court on December 5, 2011.  (Mot. to Remand (#6)).  Defendants JPMorgan Chase (for

23  itself and as acquirer of certain assets and liabilities of Washington Mutual) and CRC filed a

24  motion to dismiss the complaint for failure to state a claim, which LSI Title Agency later joined

25  (collectively "Defendants").  (Mot. to Dismiss (#8); Joinder (#9)).

**LEGAL STANDARD**

26

27  I.      **Motion to Remand**

28          A defendant may remove an action to federal court if the plaintiff could have initially filed

1  the complaint in federal court, 28 U.S.C. § 1441(a), *i.e.*, if the federal court has original

2  jurisdiction.  The party seeking removal bears the burden of establishing jurisdiction by a

3  preponderance of the evidence.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d

4  1102, 1106-07 (9th Cir. 2010).  If a case is removed and the federal court lacks jurisdiction

5  over the matter, the federal court must remand the case to state court.  28 U.S.C. § 1447(c).

6  The removal statutes are to be construed restrictively and any doubts about the right of

7  removal is resolved in favor of remand.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247,

8  1252 (9th Cir. 2006).

9        Federal courts have original jurisdiction over civil actions "where the matter in

10  controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of

11  different States" (known as diversity jurisdiction).  28 U.S.C. § 1332(a).  Accordingly, for a

12  federal court to have diversity jurisdiction over a matter, the party asserting jurisdiction must

13  show: (1) complete diversity of citizenship among opposing parties, and (2) an amount in

14  controversy exceeding $75,000.  *Id.*  When the plaintiff seeks declaratory or injunctive relief,

15  the amount in controversy is measured by "the value of the object of the litigation."  *Hunt v.*

16  *Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  A corporation is deemed to be

17  a citizen of its state of incorporation and where its principal place of business is located.  28

18  U.S.C. § 1332(c)(1).  The citizenship of a natural person is determined by that person's

19  presence (residence) in the state plus an intent to remain there permanently or indefinitely.

20  *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

21  **II.     Motion to Dismiss**

22        The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test

23  the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

24  "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled

25  to offer evidence to support the claims."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

26  Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

27        To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a

28  claim to relief that is plausible on its face."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,

3

1    1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim

2    is plausible on its face "when the plaintiff pleads factual content that allows the court to draw

3    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

4    *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Although detailed factual allegations are

5    not required, the factual allegations "must be enough to raise a right to relief above the

6    speculative level." *Twombly*, 550 U.S. at 555.  All well-pleaded factual allegations will be

7    accepted as true and all reasonable inferences that may be drawn from the allegations must

8    be construed in the light most favorable to the nonmoving party.  *Broam v. Bogan*, 320 F.3d

9    1023, 1028 (9th Cir. 2003).

10        If the court grants a motion to dismiss a complaint, it must then decide whether to grant

11   leave to amend.  The court should freely give leave to amend when there is no "undue delay,

12   bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing

13   party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*,

14   371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a).  Generally, leave to amend is only

15   denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.

16   *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

17                                               **DISCUSSION**

18   **I.    Motion to Remand**

19        In support of his motion to remand, Plaintiff first claims that this matter should be

20   remanded to state court because the claims for relief have not been preempted by the

21   National Bank Act.  (Mot. to Remand (#6) at 2).  This case however was removed to federal

22   court under diversity jurisdiction and not federal question jurisdiction, and thus this argument

23   is irrelevant.

24        Plaintiff next argues that the Court should abstain from asserting jurisdiction under the

25   doctrine of *Pullman* abstention.  *Pullman* abstention "is a narrow exception to the district

26   court's duty to decide cases properly before it" that applies "when difficult and unsettled

27   questions of state law must be resolved before a substantial federal constitutional question

28   can be decided." *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 801 (9th

4

Cir. 2001) (quotations omitted).  Under the *Pullman* abstention doctrine, abstention is required when: (1) the case involves a sensitive area of social policy best left to the states; (2) clarification of state law by the state courts may obviate the need for constitutional adjudication by the federal court; and (3) there is uncertainty as to the meaning of the potentially determinative state law at issue. *Id.* at 802.

*Pullman* abstention is inappropriate in this case.  Plaintiff's complaint does not present a federal constitutional question, and therefore the justification behind *Pullman* is inapplicable to this matter.  Additionally, although wrongful foreclosure may be a sensitive area of state law, the law of foreclosure is generally settled in Nevada and Plaintiff has not presented any state-law issue which requires clarification.  For these reasons, Plaintiff's argument that the *Pullman* abstention doctrine requires the Court to remand this matter to state court lacks merit.

Finally, Plaintiff argues that the Court should remand the case to state court because there is not complete diversity between the parties because SPL, Inc. is allegedly a Nevada corporation. (Reply (#15) at 2).  Plaintiff does not appear to be certain as to who he is suing by naming SPL, Inc. as a defendant, but contends that a dissolved corporation named "SPL Corporation" appears on the Nevada Secretary of State's website and concludes this SPL Corporation is the SPL, Inc. listed as a defendant in his complaint.  (*Id.*).  Dissolved corporations can sue and be sued in their own name in Nevada for at least two years after dissolution.  *See McManus v. McManus Fin. Consultants, Inc.*, 2010 WL 4290866, at **4-5, (D. Nev. 2010).  Plaintiff therefore contends that because SPL, Inc. and Plaintiff are both citizens of Nevada, complete diversity is not present in this matter.

Defendants however have presented compelling evidence that it is SPL Express, Inc.—a California corporation—which Plaintiff is actually attempting to sue and not the defunct SPL Corporation listed on the Nevada Secretary of State's website.  Defendants have presented communications from Vincent Pappas, President of SPL Express, Inc., in which Pappas states that SPL Express, Inc. is a California corporation which records documents with county recorders on behalf of the trustees listed on deeds of trusts, which is the exact action the SPL, Inc. identified in the complaint had performed. (Email (#17-1) Ex. E).  Pappas has

also indicated that SPL Express, Inc. is often identified to county recorder offices as SPL or SPL, Inc. for convenience purposes. (*Id.*). The SPL Corporation Plaintiff contends is the SPL, Inc. in this action however seems to have been dissolved for years and thus was not likely to have recorded the notice of default on June 30, 2011 as Plaintiff claims.   Accordingly, Defendants have met their burden and shown by a preponderance of the evidence that the SPL, Inc. sued by Plaintiff is in fact SPL Express, Inc.—a California corporation.  As Plaintiff is a Nevada resident and all defendants are residents of states other than Nevada, complete diversity is satisfied in this matter.

Because this Court has diversity jurisdiction over this case and no reason exists to abstain from adjudicating the dispute, Plaintiff's motion to remand is denied.

**II.    Motion to Dismiss**

Only three claims are stated in Plaintiff's complaint: (1) unlawful foreclosure; (2) declaratory relief; and (3) injunctive relief.  (Compl. (#1-2) at 9-12).  Plaintiff's claims for injunctive relief and declaratory relief however are remedies and not independent causes of action.  *See Stock W., Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Miller v. MERSCORP, Inc.*, 2011 WL 6097751, at *8 (D. Nev. 2011); *Anderson v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 4386958, at *5 (D. Nev. 2010). Consequently, these claims are dependent upon the only substantive claim before this Court: the claim for unlawful foreclosure.

Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan.  *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983).  Plaintiff here has not alleged he was not in default of the loan or that the Property has been sold at a foreclosure sale.  Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure.

However, drawing all reasonable inferences in favor of the nonmovant as the Court must for the purposes of this motion, it appears Plaintiff intended to allege that the foreclosure

1  was wrongful in the sense that it was statutorily defective. NRS § 107.080 and NRS § 107.086

2  set out certain procedures that must be followed before a trustee may execute the power of

3  sale, and if these procedures are not substantially complied with, the sale may be declared

4  void. NEV. REV. STAT. § 107.080(5)(a). In order to foreclose on the borrower, the beneficiary,

5  successor in interest of the beneficiary or the trustee must first execute and cause to be

6  recorded a notice of default. *Id.* § 107.080(2)(c). The notice of default must then be mailed

7  to the borrower along with a form upon which the borrower may indicate an election to enter

8  into mediation under the Nevada Foreclosure Mediation Program. *Id.* § 107.086(2)(a)(3). The

9  foreclosure then may not proceed until a certification has been recorded from the Mediation

10  Administrator providing that mediation is either not required or has been completed. *Id.* §

11  107.086(2)(c).

12       In the present matter, CRC is the trustee listed on the Deed of Trust and is the party

13  commencing the foreclosure proceeding. Accordingly, CRC had the proper authority to initiate

14  the foreclosure. Plaintiff however contends that after filing the notice of default, CRC failed

15  to mail to him a form indicating his right to mediation and upon which he could elect to enter

16  into or waive mediation in violation of NRS § 107.086(2)(a)(3). (Compl. (#1-2) at 6). Plaintiff

17  further alleges that no certificate was ever recorded from the Mediation Administrator providing

18  that no mediation was required or that mediation has been completed, in violation of NRS §

19  107.086(2)(c). (*Id.*). Defendants nowhere in their motion to dismiss claim that the form

20  required under NRS § 107.086(2)(a)(3) was sent to Plaintiff. Defendants have also failed to

21  produce a certificate from the Mediation Administrator indicating their compliance with NRS

22  § 107.086(2)(c). As the Court must accept Plaintiff's allegations as true and because

23  Defendants have not argued that these allegations are incorrect or produced evidence

24  demonstrating their compliance with NRS § 107.086, Defendants' motion to dismiss is denied

25  as to this claim.

26       Plaintiff also seems to allege that the foreclosure was defective because Defendants

27  violated NRS § 107.200 by failing to respond to Plaintiff's request for a statement regarding

28  the secured debt. Under NRS § 107.200, the beneficiary of a deed of trust must respond to

7

a request for a statement made pursuant to NRS § 107.220 within 21 days after receiving the request and provide certain information to the requestor regarding the secured debt.  The beneficiary however need not respond to the request if the request was untimely.  NRS § 107.240 provides that "the beneficiary may refuse to deliver the statement unless the written request for the statement is received before the publication of a notice of sale or the notice of the date of sale established by a court."  Here, CRC recorded a notice of sale on October 7, 2011 and Plaintiff did not make his request for a NRS § 107.200 statement until November 1, 2011, nearly a month after the recording of the notice of sale.  (Notice of Default (#8-2); Compl. (#1-2) at 7).  As Plaintiff's request was untimely, Defendants did not violate NRS § 107.200 by failing to respond to the request.  Defendants' motion to dismiss is accordingly granted as to the claim that Defendants violated NRS § 107.200 and the claim is dismissed without leave to amend.

Even though Plaintiff has failed to state a claim for wrongful foreclosure and violations of NRS § 107.200, Plaintiff has successfully stated a claim for statutorily defective foreclosure by alleging Defendants violated NRS § 107.086 by failing to mail the required mediation forms and failing to record a certificate from the Mediation Administrator.  As Plaintiff has stated a claim for relief for defective foreclosure, the Court hereby denies Defendants' motion to dismiss the defective foreclosure claim along with Plaintiff's dependent claims for declaratory relief and injunctive relief.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court denies Plaintiff's motion to remand (#6).

IT IS FURTHER ORDERED that the Court grants in part and denies in part Defendants' motion to dismiss (#8).  Specifically, Defendants' motion is granted as to Plaintiff's claims of wrongful foreclosure and violation of NRS § 107.200 contained in count one and these claims are dismissed without leave to amend.  Defendants' motion to dismiss however is denied as to Plaintiff's claims of defective foreclosure for failure to comply with NRS § 107.086 (implied in count one), declaratory relief (count two), and injunctive relief (count three).

DATED:  This 11th day of May, 2012.

_____
United States District Judge