UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES REX ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:11-cv-00826-RCJ-VPC |
| vs. | ) | |
| | ) | |
| JPMORGAN CHASE BANK, N.A. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. Pending before the Court is a motion for summary judgment. For the reasons given herein, the Court grants the motion.

## I.	FACTS AND PROCEDURAL HISTORY

Plaintiff James Rex Elliott gave a purchase money mortgage to Washington Mutual Bank, F.A. ("WaMu") in the amount of $240,000 secured by the real property at 2280 Silky Sullivan Lane in Reno, Nevada. After Plaintiff defaulted, the original trustee, California Reconveyance Co. ("CRC") filed a notice of default.

Plaintiff sued Defendants in state court for wrongful foreclosure, seeking declaratory and injunctive relief. Defendants removed and moved to dismiss. The Court dismissed except insofar as the claim could be interpreted as one for statutorily defective foreclosure, because Plaintiff had sufficiently alleged that CRC failed to mail him a mediation request form pursuant to Nevada Revised Statutes section 107.086(2)(a)(3)–(4). Defendants have now moved for

summary judgment.

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party

1   need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
2   claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
3   versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d
4   626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment
5   by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v.*
6   *List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions
7   and allegations of the pleadings and set forth specific facts by producing competent evidence that
8   shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

9       At the summary judgment stage, a court's function is not to weigh the evidence and
10  determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477
11  U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are
12  to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely
13  colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

14  **III.    ANALYSIS**

15      Defendants attach the affidavit of Huey-Jen Chiu, Vice President of CRC, with personal
16  knowledge of the relevant facts. (*See* Chiu Aff. ¶ 1, Apr. 12, 2012, ECF No. 29-1).  Chiu attests
17  to the authenticity of Exhibits 1 and 3 to the affidavit, which documents are business records of
18  CRC, both of which were sent to Plaintiff. (*See id.* ¶ 6–8).  Exhibit 1 is an affidavit of mailing of
19  the notice of default, FMP Form #8 (a Housing Affordability Worksheet Form), an FMP
20  Election/Waiver of Mediation Form and instructions, and a flyer concerning the FMP. (*See id.*,
21  Ex. 1).  Defendants having met their initial burden, and Plaintiff having produced no contrary
22  evidence (Plaintiff has not responded), the Court grants the motion.

23  ///
24  ///
25  ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for Summary Judgment (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 2nd day of October, 2012.

_____
ROBERT C. JONES
United States District Judge